FILED
United States Court of Appeals
Tenth Circuit

April 28, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KRISTOPHER RAY,

    Defendant - Appellant.

No. 08-4163
(D.C. No. 2:07-CR-00073-DB-1)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.[**]

---

Defendant-Appellant Kristopher Ray pled guilty to transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1). 1 R. Doc. 12 at 1; 1 R. Doc. 44 at 1. As part of the agreement, Mr. Ray agreed to participate in a psychosexual evaluation. 1 R. Doc. 34 at 5. The evaluation report stated that Mr. Ray "represent[s] a poor prognosis for sex offender treatment" and that he "is also

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

a very high risk to sexually offend in the future." 1 Supp. R. at 13. The report also stated that "the only method by which children and adults can be protected from [Mr. Ray's] potential sexual violence is if he is incarcerated for as long as the law allows." Id. In addition to the psychosexual evaluation, a presentence report ("PSR") was prepared prior to sentencing. According to the PSR, Mr. Ray had a total offense level of 31 and a criminal history category of V, which led to a Guideline range of 168 to 210 months. 3 R. at 16, ¶ 58. However, because Mr. Ray was subject to a statutory mandatory minimum 180-month sentence, his Guideline range was effectively 180 to 210 months. Id. After deliberation, and despite Mr. Ray's offer to undergo chemical castration, the court varied upward from the Sentencing Guidelines and sentenced Mr. Ray to 270 months' imprisonment. 1 R. Doc. 44 at 2; 2 R. Doc. 53 at 10, 12. On appeal, Mr. Ray argues that the district court imposed an unreasonable sentence by varying upward by 60 months. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

### Discussion

This court reviews all "sentences for reasonableness under a deferential abuse-of-discretion standard." United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1214 (10th Cir. 2008). In conducting an inquiry into the reasonableness of the sentence, we consider both the procedural and substantive components.

United States v. Verdin-Garcia, 516 F.3d 884, 895 (10th Cir. 2008); United States v. Kristl, 437 F.3d 1050, 1054-55 (10th Cir. 2006) (per curiam). "Procedural review asks whether the sentencing court committed any error in calculating or explaining the sentence."[1] Alapizco-Valenzuela, 546 F.3d at 1214. On the other hand, "[s]ubstantive review involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." Id. (internal quotation marks omitted).

I.      Substantive Reasonableness

Mr. Ray's primary claim is that his sentence was substantively unreasonable because it was "outside the limits of [the court's] discretion." Aplt. Br. 7. To support his claim, Mr. Ray argues that "there was no reasonable justification to support the degree of variance" from the Guidelines, given that the court put Mr. Ray on lifetime supervised release following his incarceration and that Mr. Ray was willing to undergo chemical castration. Aplt. Br. 7-8; see United States v. Munoz-Nava, 524 F.3d 1137, 1146 (10th Cir. 2008) (discussing substantive reasonableness).

However, we cannot conclude that the sentence was outside the range of

---

[1] Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence–including an explanation for any deviation from the Guidelines range." Gall v. United States, 128 S. Ct. 586, 597 (2007).

reasonableness. The sentence was the product of the district court's belief that Mr. Ray posed a significant risk to the public. 18 U.S.C. § 3553(a)(2)(C). Indeed, the court's discussion and the record demonstrate that Mr. Ray has an extensive and violent sexual criminal history, and that he has been and most likely will continue to present a serious risk to minor children. The district court clearly explained that Mr. Ray's prior criminal conduct involving violent sexual assaults, his prior sexual abuse of minor boys and girls, the results of his psychosexual evaluation (which showed his continuing propensity to abuse young children), and his high risk of recidivism led the court to conclude that the 270-month sentence was justified. 2 R. Doc. 53 at 12-15. These considerations, viewed in light of the fact that this court "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," United States v. Smart, 518 F.3d 800, 818 (10th Cir. 2008) (internal quotation marks omitted), convince us that the sentence is substantively reasonable.

II.     Procedural Reasonableness

To the extent that Mr. Ray's argument implicates procedural reasonableness, we conclude that the sentence was procedurally reasonable. Under 18 U.S.C. § 3553(c), a district court must provide a sufficient explanation for the sentence. United States v. Pinson, 542 F.3d 822, 834 (10th Cir. 2008). We have held that the court must state the "reasons for its imposition of the

particular sentence," and, if the sentence varies from the Guidelines range, "the specific reason for the imposition of a sentence different from [the Guideline range]." United States v. Angel-Guzman, 506 F.3d 1007, 1016 (10th Cir. 2007) (internal quotation marks omitted). "The court must also address, in its statement of reasons, the material, non-frivolous arguments made by the defendant." Pinson, 542 F.3d at 833. Assuming that the chemical castration suggestion was non-frivolous, we conclude that the district court thoroughly explained its reasons for varying from the Guidelines range and, in so doing, adequately addressed Mr. Ray's argument. As the discussion above demonstrates, the district court's explanation clearly showed that it believed, based on Mr. Ray's considerable history of sexual misconduct, that Mr. Ray presented a risk to the public that could not be deterred by anything other than lengthy incarceration. No more thorough explanation is necessary. See Pinson, 542 F.3d at 835.

Moreover, the fact that the district court cited public safety as the reason for its decision does not mean that the court did not take into consideration Mr. Ray's willingness to accept chemical castration. "We have never held . . . that the district court must list the reasons why it could have chosen a different sentence and then explain why it rejected them." United States v. Jarrillo-Luna, 478 F.3d 1226, 1230 (10th Cir. 2007). Here, the district court's thorough explanation clearly showed that the court had decided that lengthy incarceration was the only measure sufficient to protect the public. The obvious corollary is that the court

had concluded that chemical castration was not adequate. Under these circumstances, the court did not need to expressly reject Mr. Ray's suggestion. See id. at 1228-30; see also Pinson, 542 F.3d at 834-36.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge